# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:98 CR 331-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| MICHAEL ALONZO ROBINSON, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on October 28, 2010 by the United States Probation Office. In the violation report, the United States Probation Office alleges that defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared defendant was present with his counsel, Frank Abrams, and the Government was present through Assistant United States Attorney, David Thorneloe, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on October 28, 2010.

The defendant plead guilty to the offense of conspiracy with intent to distribute

cocaine base on April 26, 1999. Defendant was sentenced by the Hon. Lacy H. Thornburg, United States District Judge for the Western District of North Carolina on January 7, 2000 to a term of imprisonment of not more than 120 months. Defendant was released on terms and conditions of pretrial release and began serving a term of supervised release on May 9, 2008. On September 21, 2010 a petition was filed alleging that defendant had violated terms and conditions of his supervised release. A detention hearing was held in regard to the detention of defendant on September 30, 2010. On that date, the undersigned entered an order releasing defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

   (1)   That the defendant shall not commit any offense in violation of federal, state or local law while on release.

   (8)(p) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On October 25, 2010 defendant notified his United States Probation Officer that over the previous weekend he had used marijuana in violation of the terms and conditions of his release. Defendant, at that time, stated that he wanted to be detained so as to not cause any problems for his mother.

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1)   finds that there is----
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)   finds that ---
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe defendant committed a state crime while on release. Defendant has admitted he possessed and consumed marijuana. That possession violated at least state law. N.C.G.S. § 90-95(a)(3).

There has further been shown by clear and convincing evidence that defendant violated a condition of release in that he has been shown by the admission of defendant he has violated the term and condition of release that requires he refrain

from use or unlawful possession of a narcotic drug unless prescribed by a licensed medical practitioner. Defendant has clearly violated this condition by possessing marijuana which is a drug which is not prescribed by a licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth in 18 USC § 3142(g), it appears there is no condition or combination of conditions of release that would assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, it is unlikely defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** defendant be detained pending further proceedings in this matter.

Signed: November 8, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge